UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

BANK OF NEW YORK MELLON CORP.,

    Plaintiff,

v.

    Case No. 12-12820
    Hon. Lawrence P. Zatkoff

BETH KRANYAK, and ALL OTHER OCCUPANTS
OF 17926 DEVONSHIRE COURT, NORTHVILLE, MI.,

    Defendants.

_____/

### ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION

### I. INTRODUCTION

This matter is before the Court on Defendants' Motion for Reconsideration [dkt 8]. Pursuant to E.D. Mich. L.R. 7.1(h)(2), a response to Plaintiffs' motion for reconsideration is not permitted. As such, the Court finds that the facts and legal arguments are adequately presented in Defendants' motion and brief such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(h)(2), and 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the brief submitted. For the reasons set forth below, Defendants' motion is DENIED.

### II. BACKGROUND

Defendants' motion challenges the Court's July 25, 2012, Order remanding the case to the 35th District Court [dkt 5]. In its July 25, 2012, Order, the Court found that it lacked subject-matter jurisdiction over the case since Defendant's removal was improper pursuant to 28 U.S.C. § 1441(b)(2).

### III. LEGAL STANDARD

Local Rule 7.1(h) governs motions for reconsideration, stating that "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). The same subsection further

states, "[t]he movant must not only demonstrate a palpable defect by which the court and the parties . . . have been misled but also show that correcting the defect will result in a different disposition of the case." *Id.* A defect is palpable when it is "obvious, clear, unmistakable, manifest, or plain." *Chrysler Realty Co., LLC v. Design Forum Architects, Inc.*, 544 F.Supp. 2d 609, 618 (E.D. Mich. 2008).

## IV. ANALYSIS

Defendants' motion for reconsideration fails to state a palpable defect by which the Court has been misled. Rather, Defendants' motion presents issues that the Court has already ruled upon. S*ee* E.D. Mich. L.R. 7.1(h)(3). Further, the motion indicates only Defendants' disagreement with the Court's ruling. Such disagreement is not a proper premise on which to base a motion for reconsideration. *See, e.g.*, *Simmons v. Caruso*, No. 08-cv-14546, 2009 WL 1506851, at *1 (E.D. Mich. May 28, 2009); *Cowan v. Stovall*, No. 2:06-CV-13846, 2008 WL 4998267, at *2 (E.D. Mich. Nov. 21, 2008).

Notwithstanding Defendants' failure to adequately support their Motion, the Court will briefly address Defendants' argument. The Court additionally notes, however, that even if it has jurisdiction over this case, remand is nevertheless appropriate based on the abstention doctrine set forth in *Younger v. Harris*. *See* 401 U.S. 37 (1971).

*1. 28 U.S.C. § 1441(b)(2)*

Defendant argues that the Court's remand under §1441(b)(2) was improper because the rule is "procedural" not "jurisdictional" and therefore must be raised by the opposing party, not *sua sponte* by the Court. The Court disagrees. Section 1441 provides that:

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending

28 U.S.C. § 1441(a). The language of subsequent § 1441(b)(2), however, is unambiguous in stating that "a civil action removed under this title on the basis of diversity *may not be removed* if any of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." 28 U.S.C. § 1441(b) (emphasis added). Based on this language, the Court finds Defendants' removal improper. *See Brierly v. Alusuisse Flexible Packaging, Inc.,* 184 F.3d 527, 534 (6th Cir.1999) ("Statutes conferring removal jurisdiction are to be construed strictly because removal encroaches on a state court's jurisdiction") (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-09 (1941)).

The Court acknowledges that several courts that have addressed the question of whether § 1441(b)(2) is "procedural" or "jurisdictional" have concluded that the rule is procedural only, subject to waiver in every case and not a proper basis for *sua sponte* remand. Sixth Circuit precedent, however, is inconclusive on this issue. *Cf. Handley-Mack Co. v. Godchaux Sugar Co.*, 2 F.2d 435, 437 (6th Cir.1924) (exercising jurisdiction over appeal from a final judgment in a removed action even though the case was "not technically removable under the statute"), *with Thompson v. Karr,* 182 F.3d 918, 1999 WL 519297 at *3-4 (6th Cir.1999) (table opinion) (exercising jurisdiction over appeal from order granting summary judgment, but raising and addressing removal under § 1441(b)(2), *sua sponte*, "since it relates to our jurisdiction"). As such, even though the result in *Handley-Mack* permits waiver, suggesting that § 1441(b)(2) is "procedural," the result in *Thompson* indicates that waiver is not *required* in every case.

Therefore, the Court finds that remand to the 35th District Court was proper on the basis of Defendants' improper removal.

*2. Abstention Under Younger v. Harris*

Based on the record, it appears that Plaintiff filed in state court seeking to evict Defendants after expiration of the redemption period following the foreclosure on Defendants' home. Given this, the Court additionally finds remand proper so as to prevent interference with an ongoing state proceeding.

In *Younger v. Harris,* 401 U.S. 37, 44 (1971), the U.S. Supreme Court first affirmed the need for federal courts to abstain from interfering with ongoing state criminal proceedings. While abstention from jurisdiction is the exception, not the rule, there nevertheless are limited "classes of cases in which a federal court should decline to exercise that jurisdiction." *Sun Refining & Marketing Co.,* 921 F.2d 635, 638-39 (6th Cir. 1990). "The *Younger* doctrine, in its original form, maintained that federal court abstention is appropriate where, absent bad faith, harassment, or a patently invalid state statute, federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings." *Id.* "At the heart of the *Younger* doctrine are notions of comity and deference to state courts necessitated by our federal system." *Id.* The Supreme Court "has also made clear that the policies underlying the *Younger* doctrine are fully applicable to state noncriminal judicial proceedings where important state interests are involved." *Id.* (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423 (1982)).

The Supreme Court identified specific factors to be applied by this Court when determining whether abstention is required. Those factors are: (1) whether the underlying proceedings constitute an ongoing state judicial proceeding; (2) whether the proceedings implicate important state interests; and, (3) whether there is an adequate opportunity in the state proceedings to raise a constitutional challenge. *Tindall v. Wayne County Friend of the Court,* 269 F.3d 533, 538 (6th Cir. 2001).

As to the first factor, the eviction proceedings in the 35th District Court case are still being litigated, and the key issue before this Court is the same as that now being litigated there—namely,

4

whether Defendants are entitled to keep their home or whether they should be evicted. Second, allowing Defendants to remove the case would require the Court to preempt the 35th District Court's jurisdiction to decide important state interests related to real property rights. Eviction and foreclosure proceedings are generally handled by state courts, not federal courts, and the propriety of determining whether a foreclosure and eviction are appropriate is a matter of state law, not federal law. Third, Defendants will have an adequate opportunity in the ongoing state proceedings to raise any of the challenges that they assert in this cause of action.

As such, the Court finds that the interests of justice weigh heavily in favor of allowing the eviction proceedings to be addressed in the 35th District Court. Therefore, the Court concludes that remand was proper, as the abstention doctrine compels this Court to abstain from interfering with the ongoing proceedings in the 35th District Court.

## V. CONCLUSION

Accordingly, and for the reasons set forth above, IT IS HEREBY ORDERED that Defendants' Motion for Reconsideration [dkt 8] is DENIED.

IT IS SO ORDERED.

Date: August 24, 2012

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT